UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK a/s/o Denis Dostie Timber, Inc.<br><br>                                    Plaintiff,<br><br>v.<br><br>BBB INDUSTRIES, LLC d/b/a WILSON and IDEAL AUTO SUPPLY, INC.,<br><br>                                    Defendants. | Civil Action No.: 1:19-cv-574 |

## COMPLAINT AND JURY DEMAND

## PARTIES

1. At all times hereinafter mentioned, plaintiff GREAT AMERICAN INSURANCE COMPANY OF NEW YORK ("GAIC" or "plaintiff"), was and is a New York corporation with its principal place of business located at 301 East 4th Street, City of Cincinnati, County of Hamilton, State of Ohio.

2. At all times hereinafter mentioned, Plaintiff's subrogor Denis Dostie Timber, Inc. ("Dostie" or "Subrogor") was and is a New Hampshire Corporation with its principal place of business located at 587 Hollow Road, in the City of Stewartstown, County of Coos, and State of New Hampshire.

3. Upon information and belief, at all times hereinafter mentioned, defendant BBB INDUSTRIES, LLC d/b/a WILSON ("Wilson"), was and is a Delaware corporation with its principal place of business located at 29627 Renaissance Boulevard, in the Town of Daphne, County of Baldwin and State of Alabama.

1

4. Upon information and belief, at all times hereinafter mentioned, Wilson transacts, solicits and does business in the State of New Hampshire such that the traditional notions of fair play and substantial justice are not offended.

5. Upon information and belief, at all times hereinafter mentioned, defendant IDEAL AUTO SUPPLY, INC. ("Ideal"), was and is a New Hampshire corporation with its principal place of business located at 78 Main Street, in the Town of Colebrook, County of Coos, and State of New Hampshire.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked under 28 U.S.C. §1332 as plaintiff and defendants are citizens of different states and the amount in controversy exceeds the sum of Seventy-five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest and costs.

7. Venue is properly made in this District pursuant to 28 U.S.C. §1391 as defendant Ideal resides within this District.

## GENERAL ALLEGATIONS

8. At all times hereinafter mentioned, Dostie was the owner of a 2013 Caterpillar 521B Feller Buncher (the "Machine")

9. At all times hereinafter mentioned, Plaintiff insured Dostie and the Machine for, *inter alia*, property damage losses pursuant to Policy No. IMP 8251285-10-00.

10. Upon information and belief, Wilson and/or Ideal designed, manufactured and/or placed into the stream of commerce a Wilson brand starter motor (hereinafter the "Starter").

11. On or about August 2, 2016, Dostie replaced the original starter in the Machine with a starter manufactured by Wilson and sold by Ideal

12. On or about August 27, 2016, the Wilson starter failed when it stayed engaged after operation, which burnt out the starter and all four batteries of the Machine.

13. On or about August 27, 2016, Dostie was provided with the subject Starter, designed and manufactured by Defendant Wilson, from Defendant Ideal as part of a warranty exchange.

14. On or about the morning of June 30, 2017 the Machine was being utilized by Dostie in the manner that it was designed and intended.

15. While the Machine was being utilized in the manner it was designed and intended, without any fault or negligence on the part of Dostie, a fire occurred within the engine compartment of the Machine.

16. Prior to the event, the Machine was completely serviced, which included pressure washing and cleaning out any material that had collected within the engine compartment

17. Upon information and belief, the subject Starter, manufactured by Defendant Wilson and sold to Dostie by Defendant Ideal, was defective in that it stayed engaged after operation.

18. As a result of this event, degradation to the electrical conductors occurred within the starting system and the batteries, which resulted in a failure.

19. As a result of this failure, a fire ensued.

20. Specifically, the contacts within the subject starter solenoid did not release when the starter circuit was de-energized.

21. As a result of this event, battery cable conductors overheated and failed.

22. As a direct and proximate result of the foregoing, on June 30, 2018, a fire occurred within the engine compartment of the Machine and spread from the engine compartment through the subject Machine, resulting in the damages due to the total loss of the Machine.

23. As a direct and proximate result of the foregoing, pursuant to the terms and conditions of Plaintiff's insurance policy with Subrogor, Plaintiff was caused to pay subrogor and is now subrogated to the rights, title and interest of such subrogor and seeks to recover such payments to its subrogor herein.

**COUNT I - NEGLIGENT DESIGN/MANUFACTURE/FAILURE TO WARN**

24. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "23" of this complaint as if set forth herein in full.

25. Defendants Wilson and Ideal (collectively "Defendants"), their agents, employees and representatives had a duty to safely and adequately design, manufacture and/or place into the stream of commerce the subject Starter, so as to prevent fires from occurring within the Machine.

26. Defendants also had a duty to properly and adequately warn regarding the proper use, maintenance and hazards associated with the subject Starter so as to prevent fires from occurring within the Machine.

27. Defendants negligently designed, manufactured and/or placed into the stream of commerce the subject Starter, and failed to adequately warn Plaintiff's subrogor that a fire could occur as a result of the Defendants' failure to properly and adequately manufacture, design and/or place into the stream of commerce the subject Starter.

28. The subject Starter which was designed, manufactured and/or placed into the stream of commerce by Defendants, was defective in that, *inter alia*, was defective in that it stayed engaged after operation.

29. Specifically, the contacts within the subject starter solenoid did not release when the starter circuit was de-energized.

1569829.1

30. Defendants knew, or should have known, that the subject Starter was defectively designed, manufactured, and/or placed into the stream of commerce and that Defendants' failure to warn of conditions which rendered the Starter prone to fire or malfunction that could result in the total loss of the Machine.

31. As a direct and proximate result of the foregoing, on June 30, 2018, a fire occurred within the engine compartment of the Machine and spread from the engine compartment through the subject Machine, resulting in the damages due to the total loss of the Machine.

32. The aforementioned damages to the Machine were caused solely and exclusively by Defendants' negligence.

33. As a direct and proximate result of the foregoing, pursuant to the terms and conditions of Plaintiff's insurance policy with Subrogor, Plaintiff was caused to pay subrogor and is now subrogated to the rights, title and interest of such subrogor and seeks to recover such payments to its Subrogor herein.

WHEREFORE, Plaintiff, Great American Insurance Company of New York, respectfully demand judgment be entered in their behalf against the defendants in the maximum amount recoverable by law, plus interest, costs and attorneys' fees, and all other amounts which are recoverable by law.

## COUNT II – BREACH OF IMPLIED WARRANTY

34. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "33" of this complaint as if set forth herein in full.

35. Defendants impliedly warranted that the subject Starter, which they manufactured, designed and/or placed in the stream of commerce was fit and suitable for the use

intended and were free from material defects that would cause a fire to occur and result in a total loss of the Machine.

36. Defendants breached the implied warranty of fitness by failing to properly and safely design, manufacture and/or place in the stream of commerce the subject Starter and failed to adequately warn Plaintiff's subrogor that a fire could occur as a result of the Defendants' failure to properly and adequately design, manufacture and/or place in the stream of commerce the subject Starter.

37. As a direct and proximate result of the foregoing, on June 30, 2018, a fire occurred within the engine compartment of the Machine and spread from the engine compartment through the subject Machine, resulting in the damages due to the total loss of the Machine.

38. As a direct and proximate result of the foregoing, pursuant to the terms and conditions of Plaintiff's insurance policy with Subrogor, Plaintiff was caused to pay subrogor and is now subrogated to the rights, title and interest of such subrogor and seeks to recover such payments to its Subrogor herein.

WHEREFORE, Plaintiff, Great American Insurance Company of New York, respectfully demand judgment be entered in their behalf against the defendants in the maximum amount recoverable by law, plus interest, costs and attorneys' fees, and all other amounts which are recoverable by law.

## **DEMANDS FOR RELIEF**

WHEREFORE, Plaintiff request that the Court:

1. Enter a judgment against Defendant declaring it legally and financially responsible for the damages the Plaintiffs sustained or incurred;

2. Award Plaintiff compensatory and punitive damages against Defendant in an amount equal to the damages incurred and suffered;

3. Award Plaintiff the costs of suit, including attorneys' and expert witnesses' fees;

4. Award Plaintiff interest, including, but not limited to, pre-judgment interest; and,

5. Fashion such other and further relief as the Court deems just and proper.

## JURY DEMAND

The Plaintiff hereby demands a trial by jury on all claims so triable.

        Respectfully submitted,
        Plaintiff,
        By their attorney,

DATED: May 29, 2019

        /s/BrettRCorson
        Brett R. Corson, Bar No. 264844
        SLOANE & WALSH, LLP
        15 Constitution Drive Suite 100
        Bedford, NH 03110
        (603) 310-5085
        bcorson@sloanewalsh.com

        *Please direct all mail to:
        Sloane & Walsh, LLP
        1 Center Plaza, 8th Floor
        Boston, MA 02108